CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
Fax (410) 962-3630

January 8, 2014

LETTER TO COUNSEL:

RE:   *Keith Goins v. Carolyn W. Colvin, Acting Commissioner, Social Security Administration*;
Civil No. TJS-13-0041

Dear Counsel:

This matter is before me by the parties' consent. (ECF Nos. 3 & 8). On January 4, 2013, Plaintiff Keith Goins ("Mr. Goins") petitioned this Court to review the Social Security Administration's final decision to deny his claim for Supplemental Security Income ("SSI") (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 16 & 18). I find that no hearing is necessary. Local Rule 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). For the reasons that follow, I will deny both motions and remand this case for further proceedings in accordance with this opinion.

Mr. Goins applied for SSI on September 16, 2009, alleging disability commencing August 13, 2009. (Tr. 141-143). Mr. Goins's claim was denied initially on March 18, 2010, and upon reconsideration on June 17, 2010. (Tr. 71-74, 79-80). A hearing was held on January 6, 2011 before an Administrative Law Judge ("ALJ"). (Tr. 28-63). Following the hearing, on January 31, 2011, the ALJ determined that Mr. Goins was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 14-27). The Appeals Council denied Mr. Goins's request for review (Tr. 5-10), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ evaluated Mr. Goins's claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. § 416.920. At step one, the ALJ found that Mr. Goins was not engaged in substantial gainful activity, and had not been engaged in substantial gainful activity since September 16, 2009. (Tr. 19). At step two, the ALJ found that Mr. Goins suffered from diabetes mellitus, pancreatitis, and edema, all of which were found to constitute severe impairments. (Tr. 19). At step three, the ALJ found that Mr. Goins's impairments failed to meet or equal in severity any listed impairment. (Tr. 19).

The ALJ then determined that, despite Mr. Goins's severe impairments, he retained the residual functional capacity ("RFC") to:

perform a restricted range of light work as defined in 20 CFR 416.967(b) except occasional climbing of ramps/stairs, balancing, stooping, kneeling, crouching, and crawling, with no climbing of ladders/robes/scaffolds. The claimant must avoid all exposure to hazardous conditions including dangerous machinery and heights. The claimant can only perform unskilled routine tasks.

(Tr. 19).

At step four, the ALJ determined that Mr. Goins "is unable to perform past relevant work" as a construction welder. (Tr. 23).

At step five, the ALJ found:

Based on the testimony of the vocational expert, I conclude that, considering the claimant's age, work experience, and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. A finding of "not disabled" is therefore appropriate under the framework of the above-cited rule.

(Tr. 23-24).

Mr. Goins presents several arguments on appeal. First, Mr. Goins contends that the ALJ erred by "discarding" the treating physician's opinion. (ECF No. 16-1 at 6). Second, Mr. Goins argues that the ALJ erroneously relied upon the report of consultative examiner Dr. Quainoo. (ECF No. 16-1 at 9). Third, Mr. Goins argues that the ALJ erred in determining that he was not following a treatment plan when his mental or physical limitations prevented him from doing so. (ECF No. 16-1 at 10). Finally, Mr. Goins argues that the ALJ erred in evaluating his pain. (ECF No. 16-1 at 11).

After careful review of the ALJ's opinion and the evidence of the record, I conclude that the ALJ's reasons for giving "significant weight" to Dr. Quainoo's opinion and "limited weight" to the opinion of Dr. Lorch, Mr. Goins's treating physician, is not based on substantial evidence, and otherwise misapplies the proper legal standards. The ALJ stated:

Consultative examiner Ebenezer Quainoo diagnosed the claimant with diabetes mellitus type II uncontrolled per history, history of alcohol abuse, status-post Whipple's procedure, and hypertension during March of 2010. Dr. Quainoo reported that the claimant had normal gait and 5/5 strength. The undersigned gives significant weight to the opinions of Dr. Quainoo as they are consistent with the claimant's evidence of record. (Exhibit 2F).

(Tr. 21).

The ALJ found that Dr. Quainoo's opinions, including the opinion that Mr. Goins "had normal gait and 5/5 strength," were "consistent with the claimant's evidence of record," but does not specify with which records these opinions are consistent. The ALJ does not point to a single

medical record that is consistent with Dr. Quainoo's opinion concerning Mr. Goins's functional limitations. The ALJ's summary of the medical evidence in the record focuses on Mr. Goins's diet and alcohol use (both of which cause "flare-ups" in his condition) and his occasional noncompliance with his physicians' treatment plans, but does not point to substantial evidence that would support Dr. Quainoo's opinions as to Mr. Goins's functional limitations. This Court will not review the entirety of Mr. Goins's medical records in search of records that may be consistent with Dr. Quainoo's opinions. The ALJ reviewed all of the medical records and opinion evidence, but his explanation for the weight assigned to the opinions of Dr. Quainoo and Dr. Goins is insufficient.

The opinion of a treating physician is entitled to controlling weight when two conditions are met: 1) it is well-supported by medically acceptable clinical laboratory diagnostic techniques and 2) it is consistent with other substantial evidence in the record. *See Craig*, 76 F.3d at 590; see also 20 C.F.R. § 416.927(c).[1] Federal regulations require an ALJ to assess a number of factors when considering what weight to assign to the medical opinions presented. 20 C.F.R. § 416.927(c). These factors include: (1) the examining relationship between the physician and the claimant; (2) the treatment relationship between the physician and the claimant; (3) the extent to which a medical opinion is supported by relevant evidence; (4) the consistency of a medical opinion with the record as a whole; and, (5) whether the physician's opinion relates to an area in which they are a specialist. *Id*. While treating source opinions on issues reserved to the Commissioner, such as determining a claimant's RFC, are not entitled to controlling weight, the ALJ must still evaluate all of the evidence in the case record to determine the extent to which the physician's opinion is supported by the record as a whole. *Id*.

The ALJ's stated reason for giving "limited weight" to the opinions of Dr. Lorch (Mr. Goins's treating physician) is that "they are too limiting . . . and are therefore inconsistent with the claimants medical evidence of records" and the ALJ's RFC findings. (Tr. 22). This explanation is not sufficient. While Mr. Goins's medical records may be inconsistent with Dr. Lorch's opinions as to his functional limitations, the ALJ does not specify which records are inconsistent with Dr. Lorch's opinions. Furthermore, the ALJ seems to state that because Dr. Lorch's opinions are inconsistent with the RFC, they are entitled to little weight. This circular reasoning provides no assistance in evaluating whether the ALJ's decision is supported by substantial evidence.

The manner in which the ALJ evaluated the medical opinion evidence in the record is not sufficiently explained. As a result, I am unable to find that the ALJ's opinion is supported by substantial evidence. In so holding, I express no opinion on whether the ALJ's ultimate determination that Mr. Goins was ineligible for benefits was correct or incorrect. While I have not reached each of Mr. Goins's arguments on appeal, in further proceedings the ALJ should ensure that a careful explanation is offered for the RFC findings, and that the RFC findings take into consideration all of Mr. Goins's limitations as supported by the medical records and the medical opinion evidence in the record. The ALJ should carefully and with specificity explain how he weighed the medical opinion evidence. Where the ALJ finds that a certain opinion is

---

[1] Effective March 26, 2012, the Commissioner's regulations concerning medical opinions were revised, but without substantive change.

3

consistent or inconsistent with other evidence in the record, the ALJ should specify which evidence supports or undermines a given opinion.

      For the reasons set forth herein, Mr. Goins's motion for summary judgment (ECF No. 16) and the Commissioner's motion for summary judgment (ECF No. 18) will be DENIED. The ALJ's opinion will be VACATED and the case will be REMANDED for further proceedings. The clerk is directed to CLOSE this case.

      Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/
Timothy J. Sullivan
United States Magistrate Judge